STATE OF VERMONT

ENVIRONMENTAL COURT

In re: Appeal of Good Samaritan }
Haven, Inc. }
 } Docket No. 77-6-01 Vtec
 }
 }

Decision and Order on Appellant= s Motions for Summary Judgment

Appellant, Good Samaritan Haven, Inc., appealed from a decision of the Development Review Board (DRB) of the City of Barre denying its application for a zoning permit. Appellant is represented by Andrea L. Gallitano, Esq.; the City of Barre is represented by Oliver L. Twombly, Esq. Alfred J. Flory, Keith A. Clark, and Colleen Donahue Gilligan have entered their appearance as interested persons. Appellant and the City have moved for summary judgment.

The following facts are undisputed unless otherwise noted.

Appellant is a non-profit corporation organized to provide temporary shelter to homeless individuals and families. It received a conditional use permit and site plan approval in 1986 to operate a homeless shelter on North Seminary Street, in what was at that time a planned residential district, and has operated the shelter in that location since that time. In addition to shelter at this location, Appellant offers at other locations community education to elementary, high school, and college students and provides alternate forms of assistance to families in imminent danger of homelessness.

Appellant proposes to purchase property adjacent to its present shelter, currently in use as a two-family residence at 107-109 North Seminary Street. The property is in the Commercial zoning district, in which a single-family or two-family residence is a non-conforming use. It is also in the Flood Hazard overlay zone. Appellant proposes to convert the interior of the building to contain eight bedrooms, four bathrooms, three areas for food preparation, and three common living areas, with a supervisory office on the first floor. Appellant proposes to upgrade the electrical and mechanical systems of the building, and to add sprinkler systems and handicapped access, and to use it as transitional shelter for homeless families. Appellant proposes to screen out and not allow residents with drug or alcohol problems, and to assist the residents to find employment and permanent housing. Families may live at the proposed shelter for a maximum of eight months.

The permitted uses in the Commercial zoning district include schools, community centers, private schools, business or professional offices, dormitories, tourist accommodation, private clubs, restaurants and other places serving food and drink for on-premises use, fraternal societies, and privately-owned housing for the elderly. ' 5.20.02(a). Section 5.20.02(b) allows the DRB to consider other uses for conditional use approval, after making a determination that the other proposed use is A of the same general character@ as the listed permitted uses.

The DRB concluded that the project does not fall into any of the permitted use categories, but it did not go on to determine whether it qualifies for consideration as a conditional use A of the same general character@ as any of the listed permitted uses, and did not consider the proposal under the conditional use criteria.

Under the zoning regulations, A dormitory@ is defined as A [o]n premises sleeping quarters for students attending schools or for employees@ and A tourist accommodation@ is defined as A [b]uilding containing rooms which are rented as sleeping accommodations for transients, including hotel, motel, tourist home and tourist cabin.@ ' 5.2.03. While the people to be housed at the shelter are not students, employees or tourists[1], the proposed housing is of the same general character as a dormitory or tourist home. That is, it provides temporary housing for up to eight months (no greater than the academic year for student housing), with associated living space and cooking facilities. The office function to be housed on the first floor is itself a permitted use, and is similar to the office function found in a hotel, motel, tourist home or student dormitory.

Accordingly, the DRB should have proceeded to consider the application as a conditional use, since it is of the same general character as the listed permitted uses. It is hereby ORDERED and ADJUDGED that summary judgment is GRANTED to Appellant on this issue, concluding this appeal. Any future appeal by any party from any future action of the DRB on the conditional use application would be a new appeal to this Court.

Done at Barre, Vermont, this 30th day of July, 2001.

_____
Merideth Wright
Environmental Judge

---

### Footnotes

[1]    Appellant's proposal technically also fits into the terms of the definition of "tourist accommodation" even though the residents are not tourists, in that they are transients, that is, they will not live permanently at this address. However, as they are not tourists, the title of the definition does not apply, and the proposal cannot be considered as the listed permitted use of "tourist accommodation."